UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPHINE SCHIMIZZI, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>ILLINOIS FARMERS INSURANCE CO., )<br>)<br>Defendant ) | CAUSE NO. 3:93-CV-173 RM |

OPINION AND ORDER

The court stayed its May 14, 2007 order [Doc. No. 455] to afford the parties an opportunity to show cause why the documents now being maintained under seal in this action shouldn't be unsealed and forwarded to the proper Federal Records Center for storage with the remainder of the file. Memorial Hospital of South Bend, Inc. has filed a motion to intervene under FED. R. CIV. P. 24(a) and/or 24(b) to show cause why the documents listed in the May 14 order should remain under seal.

FED. R. CIV. P. 24(b) is a logical and procedurally correct course for third-party challenges to confidentiality orders. Jessup v. Luther, 227 F.3d 993, 997-999 (7th Cir. 2000); Equal Employment Opportunity Comm. v. National Children's Ctr., Inc., 146 F.3d 1042, 1045 (D.C. Cir. 1998); Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994). "[A]lthough there is ample justification for the common fact or law requirement when the proposed intervenors seek to become a party to the action, '[t]here is no reason to require such a strong nexus of fact of law when a party seeks to intervene only for the

purpose of modifying a protective order.'" Jessup v. Luther, 227 F.3d at 997 (quoting Beckman Indus., Inc., v. International Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992); *see also* Pansy v. Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994) (any party challenging a confidentiality order "meet[s] the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action."). When confidentiality is a "question of law…in common" between the parties and the third-party intervenor (the Hospital), permitting intervention for the limited purpose of deciding the confidentiality issue does not "impermissibly stretch the wording of [Rule 24b(2)]." Jessup v. Luther, 227 F.3d at 998-999 (quoting FED. R. CIV. P. 24(b)(2)).

The documents made the subject of the May 14 order were sealed under the privilege accorded Memorial Hospital by Indiana's health care provider peer review statute, I.C. 34-30-15-1 *et seq.*, and that privilege has not been waived. The statute was designed to foster an effective review of medical care by permitting peer review participants to "communicate candidly, objectively, and conscientiously." Terre Haute Regional Hospital, Inc. v. Basden, 524 N.E.2d 1306, 1311 (Ind.App. 1988). The privilege accorded by the statue "provides protection by granting confidentiality to all communications, proceedings, and determinations connected with a peer review process." Frank v. Trustees of Orange County Hospital, 530 N.E.2d 135, 138 (Ind. App. 1988). The Hospital asserts that the effectiveness of that process would be significantly impaired or impeded, if it can't protect the confidentiality of those communications, and the

2

court agrees. *See* Frank v. Trustees of Orange County Hospital, 530 N.E.2d at 138; Terre Haute Regional Hospital, Inc. v. Basden, 524 N.E.2d at 1311. Preserving the confidentiality afforded by the statute insures the continued effectiveness of the peer review process, protects the interests of the community as a whole, and provides good cause for continuing to maintain the documents under seal in this case.

Accordingly, the court now:

(1) GRANTS Memorial Hospital's motion to intervene [Doc. No.465] for the limited purpose of challenging the court's order of May 14, 2007;

(2) VACATES the order of May 14, 2007 [Doc. No. 455];

(3) DIRECTS the Clerk of the Court to continue to maintain all of the documents in question under seal and to retain custody and control of the sealed documents in the South Bend Federal Building and Courthouse; and

(4) DENIES AS MOOT all other motions relating to the disposition of the sealed documents [Doc. Nos. 456, 458, 459, 460, 461, 462, and 466].

SO ORDERED.

ENTERED:   September 4, 2007

        /s/ Robert L. Miller, Jr.
        Chief Judge
        United States District Court